```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

|                              |   |                         |
|------------------------------|---|-------------------------|
| **WILLIAM JAMAL JOHNSON,**   | ) |                         |
|     Plaintiff,               | ) |                         |
| vs.                          | ) | Civ. No. 04-2527-B/P    |
|                              | ) | Cr. No.  03-20046-B     |
| **UNITED STATES OF AMERICA,**| ) |                         |
|     Defendant.               | ) |                         |

_____

### REPORT AND RECOMMENDATION
_____

On July 13, 2004, petitioner William Jamal Johnson filed a *pro se* motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel based on appointed counsel's alleged failure to appeal Johnson's sentence and an apparent challenge under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Johnson's petition stems from his June 9, 2003 conviction for possession of counterfeit obligations. On November 4, 2003, the court sentenced Johnson to 27 months imprisonment with two years of supervised release to follow.

On January 26, 2006, the District Judge entered an order of reference for the Magistrate Judge to conduct a hearing to determine whether Johnson qualifies for court appointed counsel. On February 2, 2006, the court mailed to Johnson a letter along with a CJA 23 form, and instructed Johnson to complete the form if

he wanted court appointed counsel.  Thereafter, Johnson appeared in person in the chambers of the undersigned Magistrate Judge. Johnson stated that since the time that he filed his § 2255 petition, he was released from prison and, thus, he no longer wanted to pursue his § 2255 petition.  On that basis, it is recommended that Johnson's § 2255 petition be dismissed.

    Respectfully Submitted,

S/ Tu M. Pham

_____
TU M. PHAM
United States Magistrate Judge

March 13, 2006

_____
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**